## SCHERMERHORN *vs.* NEGUS.

Where a testator, after devising land in equal shares to several children for life, with remainder in fee to *their* children, (the children of each taking the share devised to their parent,) declared in a subsequent clause, that no portion of the real estate thereby devised should be sold or alienated by the devisees or their descendants, except to each other, or to their descendants, upon pain of forfeiting the premises ; *held*, that the devise was legal and valid, notwithstanding this clause ; and that the provision itself was repugnant to the estate devised, and was void.

*Held*, also, that the children of the testator were tenants in common for life, and that upon the death of any one of them, the children of the one so dying took his share, as tenants in common with the surviving devisees for life.

EJECTMENT, tried at the Saratoga circuit in December, 1844. The plaintiff sought to recover one undivided thirty-fifth part of fifteen acres of land in the possession of the defendant, and which was part of a larger parcel, of which it was admitted Ryer Schermerhorn died seized in the year 1793. The plaintiff gave in evidence the last will and testament of Ryer Schermerhorn. executed in 1792. by which he devised to his six children named therein a tract of land in Saratoga county. of which the premises in question are a part. "to each. one equal sixth part thereof, during their natural lives ; and after their decease. one-sixth part to the children of my said son John, one-sixth part to the children of my said son Rykert, &c. (proceeding to give one-sixth part to the children of each of the devisees for life,) "and to their several and respective heirs and assigns for-

Schermerhorn *v.* Negus.

ever." After this devise the following clause was inserted: "*Item.* It is my true intent and meaning of this my last will and testament, (any thing herein contained to the contrary thereof in anywise notwithstanding,) that no part or parcel of the real estate herein above by me devised shall be sold or alienated by any of my above named children, or by any of their descendants or posterity, except it be to each other, or to their and each of their descendants, upon pain that he, she or they shall forfeit the same and be debarred of holding any part thereof." Jeremias, one of the six children, died in 1836, leaving eight children, of whom the plaintiff is one. One other of the testator's six children died without issue, and another of them had been absent ten years and was reputed to be dead.

The defendant offered to prove a conveyance in fee of the premises from Jeremias Schermerhorn, the plaintiff's father, and a possession by the defendant and those under whom he claimed title under that conveyance for twenty-six years, which, being objected to by the plaintiff's counsel, was overruled by the court. The defendant's counsel insisted that the provision restraining alienation, except among the devisees and their descendants, rendered the devise void, for creating a perpetuity; and also that the plaintiff's title did not take effect in possession until after the decease of all the devisees for life; which objections were overruled by the circuit judge, and a verdict for the plaintiff was taken subject to the opinion of the court.

*William Hay,* for the defendant, insisted that the provision, in partial restraint of alienation, could not be rejected as repugnant to the devise; that it was a limitation or condition which the testator thought fit to annex to the estate, and it was as much within his intention as any part of the will; and if valid, it would suspend the absolute power of alienation beyond the continuance of two lives in being at the creation of the estate. The estate was consequently void in its creation. (1 *R. S.* 723, §§ 14, 15.) The counsel also referred to and commented upon the following cases: *Bradstreet* v. *Clarke,* (12 *Wendell,* 602;)

Schermerhorn v. Negus.

*Jackson* v. *Billinger*, (18 *John. R.* 368;) *Schauber* v. *Jackson*, (2 *Wend.* 13;) *Van Kleeck* v. *The Dutch Church, &c.* (20 *id.* 457;) *Hone's ex'rs* v. *Van Schaick*, (*id.* 564;) *Salmon* v. *Stuyvesant*, (16 *id.* 328;) *Burnet* v. *Denniston*, (5 *John. C. R.* 35;) *Hawley* v. *James*, (16 *Wend.* 61;) *Coster* v. *Lorillard*, (14 *id.* 265;) *Irving* v. *De Kay*, (9 *Paige*, 521;) *Hone* v. *Van Schaick*, (7 *id.* 232;) *Mortimer* v. *West*, (2 *Simons*, 232;) *Doe* v. *Pearson*, (6 *East*, 173;) *Van Vechten* v. *Van Veghten*, (8 *Paige*, 120;) *Parks* v. *Parks*, (9 *id.* 109;) *Jackson* v. *Schutz*, (18 *John. R.* 184;) *Baker* v. *Newton*, (2 *Beavan's Rep.* 112.)

The grand-children do not take until the decease of all the tenants for life. (*Jackson* v. *McConnell*, 19 *Wend.* 177; *Jackson* v. *Luquere*, 5 *Cowen*, 221.)

*H. V. D. Van Epps*, for the plaintiff. The provision restraining alienation is repugnant to the estate devised, and is void. (4 *Kent's Com.* 130, 131; *Newton* v. *Reid*, 4 *Simons' R.* 141; *Coster* v. *Lorillard*, 14 *Wend.* 348, *and cases cited by Nelson, J.;* 4 *Cruise's Dig.* 403; 2 *id.* 6; *Roosevelt* v. *Thurman*, 1 *John. C. R.* 220; *Mc Williams* v. *Nisly*, 2 *Serg. & Rawle*, 513; *Salmon* v. *Stuyvesant*, 16 *Wend.* 321, *per Cowen, J.*)

*By the Court,* BEARDSLEY, J. I think the objections which were taken on the trial, to a recovery in this case, cannot be sustained. The will of Ryer Schermerhorn was not annulled by the clause which it contained against alienation, although that clause, being repugnant to the nature of the estate devised, was void, at least as to those who were to take a fee under the will. (4 *Kent's Com.* 131; *Newkerk* v. *Newkerk*, 2 *Caines*, 345; 2 *Cruise's Dig.* 6; *Mc Williams* v. *Nisby*, 2 *Serg. & Rawle*, 513; *Co. Litt.* 222, 223.)

Under the will, the children of the devisor were tenants in common for life. When Jeremias, one of those children, died, his share passed by the will to his children, who thereby became tenants in common with the surviving devisees for life.

As the plaintiff's right did not accrue until the decease of his

father, the tenant for life in 1836, the adverse possession, had it been proved, would have been no bar to the action. The testimony offered was therefore properly excluded, and the plaintiff is entitled to judgment on the verdict.

Judgment for plaintiff.