Ruggles, J.
 

 delivered the opinion of the court.
 

 By the fifth clause of his will the testator gave a legacy to his wife in the following words :
 

 “
 
 I also give and devise unto my said beloved wife, her heirs and assigns for ever, the sum of four hundred dollars, to be paid out of the avails of the sale of my real estate.”
 

 Taking this clause by itself, and without reference to the other parts of the will, the intention of the testator to give his wife the immediate, entire and absolute interest in the sum of money therein mentioned cannot be doubted. But it frequently happens, that the effect of one clause in the will is qualified by another ; and so it is here. By the clause in which the legacy is given, it is made payable out of the avails of the sale of the real estate; and by the seventh clause the sale is to take place on the death of the wife. The legacy, therefore, is not payable until after the death of the legatee. On this ground the supreme court adjudged the legacy to be void. The postponement of the payment was regarded as repugnant to the bequest, because it prevented the legatfee from enjoying the legacy during her lifetime. But this view of the case does not seem to be satisfactory. An interest for life is not equivalent to the absolute property, in personal estate. If the testator’s widow had a present vested interest in the legacy by the terms of the bequest, that interest was worth something, although she was not to have the money during her lifetime, because her interest might be converted into money immediately by a sale. On this supposition the postponement of payment qualified the value of
 
 *79
 
 the bequest, but was not repugnant to it. To render a subsequent provision in a will repugnant to a previous one, the last provision must be entirely incompatible with the first. The last provision must be such that, if effect be given to it, the former must entirely fail. Th'is does not appear to be such a case.
 

 There is no room to question the testator’s intention to give to his wife an interest in the legacy, transmissible to her representatives after her death, unless we reject the most significant language to denote that intention. The legacy was “ to her and her heirs and assigns for ever.” It is true, these words were unnecessary. The gift would have been absolute without them. The testator appears to have known it, for he did not use them in the third clause of his will, in xvhieh he gave his personal property absolutely to his wife. Being unnecessary, they are the more significant, because they appear to have been used for greater certainty and to remove all doubt. It is also true that the words used are more appropriate to the devise of real estate than to a bequest of personal property. But that does not render them the less forcible to show that the testator intended to give more than a life estate, in the legacy. The testator, moreover, may have believed his language technically appropriate in relation to this legacy, because it was to be raised by a sale of the real estate.
 

 The testator having thus emphatically manifested his intention to give his wife an interest in this legacy which was to endure beyond the period of her life, the postponement of the payment, if in any respect repugnant to the gift, is' only so in part. If it deprived her of the use and enjoyment of it during her life, it did not affect the residue of her interest and title in it. But in fact there is no substantial incompatibility, between the different clauses of the will. Taking the whole togetner, each part may be reconciled with the others. The legacy in question was given to the wife by the fifth clause in the will, to be paid out of a fund, the income of which had, by the next preceding clause, been given to her for life, or until her remarriage. The legacy, therefore, so far as regards her interest in it for life, was twice given; once in the 4th clause in the form of the use
 
 *80
 
 of the testator’s real estate ; and again in the 5th clause in the form of a legacy in money. The latter clause in express terms gives the absolute property which includes the life estate. The postponement of the payment of the capital of the legacy reconciles the two clauses : by showing the intention of the testator to give his wife what was equivalent to the absolute property in the legacy, by giving her the income of it during her life in the shape of the rents and profits of the real estate out of which it was to be raised, and the immediate right and title to the money which was to be raised from the sale after her death,
 

 It is true, that in the event of her second marriage, she would lose the rents and profits of the real estate, without being entitled to the legacy during the remainder of her life. But the testator may well be supposed
 
 to
 
 have framed the provisions of his will under the belief that the restraints he had imposed on her remarriage by the forfeiture of her right to the income of his real estate would be effectual for that purpose.
 

 The bequest is not void on the ground that there was no person in being to take it at the time it became payable. The interest in the legacy vested in the wife immediately at the testator’s death. She took the title at that time, and that title passed at her death, like any other personal property she might have held, to her personal representative. The intention of the testator to give her a vested legacy is manifest from the language used. The gift is direct, immediate, and without condition or contingency. There is a rule, that where a legacy charged upon real estate is given to the legatee to be paid
 
 to
 
 him at the age of twenty-one years, the charge fails unless the devisee lives to the time'of payment. In such a case the payment is postponed with reference to the circumstances of the legatee of the money, and the legacy is regarded as given conditionally ; that is, provided the legatee attains that age. But where the payment is postponed with reference to the situation and convenience of the estate charged with the legacy, it vests instanter. (1
 
 Jarman on
 
 Wills, 756; 1
 
 Roper on Leg.
 
 431.) The land out of which this legacy was to be raised had, by a previous clause in the will, been devised to the widow during her life or widowhood, and therefore could not, during the con
 
 *81
 
 tinuance of her life estate, be sold for the payment cf this and the other legacies charged upon it, without disturbing the disposition which had been already made of it. The postponement of the sale, therefore, for the payment of this and the other legacies, was made in reference to the situation of the estate out of which they were payable; and the legacy is consequently vested within this rule, if the rule applies to the case at all.
 
 (See
 
 1 Jarman, 757,
 
 note 1.)
 
 The objection, therefore, that the legatee was not alive to take the money when payable, vanishes entirely.
 

 It is not improbable that the chief value of this bequest to his wife, in the estimation of the testator, may have consisted in the power it gave her of disposing of it by her will. It might have enabled her to command, from some of her descendants, the attentions due to her infirmities in advanced age, and have secured the performance of filial duties on her dying bed, which might otherwise have been neglected. The hope of succeeding to property from the parent, is sometimes a more efficient security than natural affection against neglect from the offspring; and the power of disposing of this legacy after her death, may have been to her of greater value than any use she could have made of the money in her lifetime.
 

 On the whole, the provisions of the will are not essentially incongruous. The testator’s intention is sufficiently plain, and there is no technical rule to prevent us from carrying it into effect. The right to the legacy of $400 was vested in the widow at the testator’s death, although the payment was postponed; and the complainant, who is her personal representative, is entitled to the money.
 

 The decree of the supreme court dismissing the complainant’s bill, ought therefore to be reversed, and the executors of the testator, John Pocock, should be decreed to pay the legacy with interest from the time, of the sale of the real estate, out of the avails thereof, with the cost of the complainant in the supreme court out of the same fund.
 

 Ordered accordingly.1