28   19.
126a 470

28   19
29ap 30

---

FREDERICK A. BUSHNELL, AS ADMINISTRATOR, ETC., OF ELLEN V. BUSHNELL, DECEASED, RESPONDENT, *v.* CALVIN G. L. B. CARPENTER, APPELLANT.

*Legacy — when vested — when one accepting a devise charged with the payment of legacies is personally liable therefor.*

A testator by his will gave and bequeathed "to the two children now living of my daughter, Ann Maria, the sum of one thousand dollars each, to be paid to them, respectively, as they arrive at the age of twenty-five years." He then devised the principal part of his real and personal estate to his son, subject to the payment by him of all debts and certain of the legacies, including the ones

above mentioned; "expressly making the said legacies a charge and lien upon the property devised" to his son.

*Held,* that the legacy to each of the children vested immediately upon the death of the testator, and then became a lien upon the property devised to his son.

That upon the death of one of the children, before attaining the age of twenty-five years, her administrators might bring an action to recover the legacy after the time when the child, if living, would have attained that age.

That as the son had accepted the devise made to him, and was the sole executor, he was personally liable for the payment of the legacy.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. S. Lambertson* and *A. M. Mills,* for the appellant.

*C. D. Adams,* for the respondent.

HARDIN, J.:

Stephen F. Carpenter, July 11, 1863, made and executed his last will and testament and died in the spring of 1864, and the question here presented relates to a legacy given to Ellen O. Bushnell, one of the grandchildren of the deceased testator.

The legatee, Ellen O. Bushnell, was an infant when the will was made, and she died and the respondent was appointed administrator of her estate in October, 1881, and had she continued to live she would have been twenty-five years of age before this action was commenced. She was a daughter of Ann Maria Bushnell.

The fifth clause of the will is as follows:

"*Fifth.* I give and bequeath to the two children now living of my daughter Ann Maria, the sum of one thousand dollars each, *to be paid to them,* respectively, as they arrive at the age of twenty-five years."

Two questions are made by the appellant: First. It is argued that "the legacy never vested;" and, second. "The legacy lapsed."

We are of the opinion that both points are unstable and unsound. The legacy vested upon the death of the testator and the time of its payment was postponed for the ease of the estate given to the defendant, who, under the scheme of the will, took the principal part of the personal and real estate charged with the payment of several legacies, among them the one to the respondent's intestate.

In the language giving the appellant such principal part of his

father's property are found the following words, viz.: "To have and to hold the said real and personal estate to my said son, and to his heirs and assigns forever, *subject, nevertheless,* to the payment by him of all my debts; *and, further,* to the payment of the several legacies hereinafter made to \* \* \* *Ann Maria and her children,* \* \* \* hereby expressly making *the said legacies* a *charge* and lien upon the property devised to my said son." Considering both provisions of the will in determining the questions before us together, we are of the opinion that the legacy to the respondent's intestate *vested* upon the *death* of her grandfather, and that it immediately became a "charge and lien upon the property devised to the son," the appellant, and that the time of its payment was postponed until such time as the grandchild would attain the age of twenty-five years. (Note *a*, in 6 Ves., 239, to *Hanson* v. *Graham*, and cases there cited; *Robert, Exr.,* v. *Corning,* 15 Weekly Dig., 79; *Paterson* v. *Ellis*, 11 Wend., 260; *Sweet* v. *Rockwell*, 2 N. Y., 73; *Loder* v. *Hatfield*, 71 id., 97.)

As FOLGER, J., says, in the case of *Loder* v. *Hatfield:* The intention of the testator is clear "as the words of gift are direct, emphatic and absolute. · Hence we may gather the intent as being to make an absolute and present vested gift and to defer to the future only the time of payment."

Obviously it was the intention of the testator to allow his son time, in which to pay the debts and legacies charged upon the estate, so that he would not need to sell the estate; and with that object in view he postponed the time of payment of the legacies, and did not, by such postponement, intend to prevent the operation of the words which made the legacies absolute, nor to provide any limitation depending upon the continuance of the life of a legatee. (*Hoyt* v. *Hoyt*, 12 Weekly Dig., 279; Dayton on Surrogates [3d ed.], p. 425; 2 Redf. Surrogates, 576.)

The judgment properly declares the land devised to the defendant chargeable with the legacy; and that the defendant, who has accepted the devise to himself, and who is the sole executor, is personally liable for the payment of the legacy. (*Brown* v. *Knapp*, 79 N. Y., 137.)

The judgment should be affirmed, with costs.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment affirmed, with costs.