TILLMAN C. WILSON AND DON E. WILSON, by their next friend, FULLERTON A. GROVE, Appellants, *vs.* NAPOLEON WILSON, Respondent.

1. *Administrators—Acts done before appointment—Innocent parties.*— Acts done by an administrator, prior to his appointment will be validated by his subsequent appointment, except where the rights of innocent parties intervene.

2. *Executors—Deed—Subsequent probate of will.*—A will giving power of sale vests the title in the executor at the time of the testator's death, and his deed of the property, made before probate of the will, is a good conveyance, provided the will be subsequently probated.

### Appeal from Adair Circuit Court.

*Ellison and Ellison,* for Appellants.

I. The action of the Probate Court in revoking the letters of administration, and granting letters testamentary, was a nullity, so far as the granting letters testamentary.   It had power to revoke letters of administration, but none to grant letters testamentary without probating the will that stood upon its record as rejected.

II. When the widow received her letters from the Circuit Court, she had renounced the provisions of the will made for her benefit, rejected its provisions, and elected to be endowed under § 11 (W. S., 540).   She must accept the will as she finds it, its burdens and benefits alike ; and if she rejects its provisions for her, she cannot convey as executrix without an order of court.

III. The bequest is made to her in consideration of her accepting the will, and in lieu of dower. . The title to all the land, including this in question, became the appellants upon the decease of the widow.

*Greenwood & Pickler,* for Respondent.

I. The will gave the land to the widow.   She could have conveyed as owner, if the will were never probated ; when the will was probated, the letters related back to all her subsequent acts under the will, or in attempting to act under it, and they were legalized (47 Mo., 500.)   She had power to convey as owner and as executrix.

II. If after it was probated, she elected one-half, and rejected

the provisions of the will, it would not invalidate the deed to respondent, who could not enforce upon her an acceptance of the will. (47 Mo., 247 and cases cited.)

III. She could reject the provisions of the will in her favor, and retain her power to sell under the will.

NAPTON, Judge, delivered the opinion of the court.

This was an action of ejectment. The plaintiffs gave in evidence the will of their grandfather, which authorized his widow to sell the real estate in controversy; and this will was ordered to be filed for record. and a certificate to be granted. This was in Feb'y, 1867.

On the same day a motion was made by the widow of the testator and his son, now defendant, for a new hearing, and it was granted, and the order establishing the will was set aside. Subsequently at the same term the will was rejected, and an order was made that a certificate of rejection be entered. At the same term Mary Ann Wilson, the widow, is appointed administratrix.

In April, 1867, Mary Ann Wilson files her election for dower, and prays the appointment of commissioners; and commissioners were appointed. In Nov., 1867, there appears an order stating, that Mary Ann Wilson, executrix of the last will of Tho. C. Wilson, prays for letters testamentary, and as it appeared to the court, that the said will had been proved and entered of record, it was therefore ordered that the letters of administration be revoked, and letters testamentary were granted.

It appears, that on the 30th Jan'y, 1868, Mary A. Wilson, executrix, executed a deed for the land in controversy to defendant. To the introduction of this deed it was objected that she had no power to make such a deed. A proceeding in the Circuit Court was then read in evidence. This was a petition on the part of Napoleon Wilson, on his own account, and as next friend of J. C. Wilson and E. Wilson, his sons, against Mary Ann Wilson and the County of Adair, and the object was to establish the will. This was at the Dec. Term, 1868; the result was, that the will was established and probated Jan'y

4, 1869. There was then a petition to assign dower at the Dec. Term, 1868; and in Jan'y, 1869, dower was assigned to the widow.

In April 1867, Mrs Wilson had renounced the will, and elected to take dower under the 11th Sec. of Rev. Stat., 1865, concerning Dower.

The court declared the law to be, that the deed of Mary A. Wilson in 1868, under the power given in the will, probated by the Circuit Court in 1869, was valid and conveyed the premises. And this presents the only question in the case. At the time the deed was made, the will, under which she assumed to act, was not probated; though subsequently it was, and the question is, " if the subsequent probate by the Circuit Court related back to the time of executing the deed, and made it valid."

There is no dispute in the case, that the will conveyed the property to Mary Ann Wilson during her life, and authorized her to control it in any way, and especially to sell, lease, rent, mortgage or otherwise dispose of it.

One clause of the will is as follows: "I hereby authorize and empower my beloved wife, Mary Ann Wilson, whenever she thinks it for the interest of the estate to do so, to sell a part or the whole of the real estate, and to invest the proceeds in part or in whole in good interest bearing promissory notes, United States bonds, or other safe securities; and all the acts of my said wife, Mary Ann Wilson, done in conformity with the authority herein conferred, shall be invested with, and possessed of, the same binding force and legality in both law and equity, that they would have, had they been executed by myself in my life time."

There is a difference between an executor and an administrator. The latter derives his power from the appointment by the Probate Court, and of course has no power until so appointed. The executor derives his power from the will, and the property vests in him from the moment of the testator's death. (Abbott, C. J. in Woolley, Ex. vs. Clark, 5 B. & A., 744.)

Therefore, where a demise by an executor, the lessor of plaintiff in ejectment, was laid two years before the will was proved

under which he claimed, it was held good. (Roe vs. Summersett, 2. W. Black., 692.)

Judge Redfield observes in his work on Administrators, that the distinction is not now practically of much importance; because, he regards it as well settled, that even in cases of administrators the title and right of the administrator after his appointment relates back to the death of the intestate. This doctrine of relation is a fiction of law to prevent injustice, and the occurrence of injuries where otherwise there would be no remedy, and would not be applied in cases where the rights of innocent parties intervened.

In the case now under consideration, Mrs. Wilson had under the will a right to convey all or any part of the real estate. At the date of the deed, the will was not probated. Subsequently the will was established and proved in accordance with the law. Of course her power to convey was derived from the will, and if the will had been set aside, her deed would have been ineffectual; but the will was subsequently established, and, when established, it of course operated as a will and spoke from the moment of the testator's death.

The doctrine of relation therefore is not necessary in this case. The will spoke from the testator's death. The power of the executor existed then. That this will remained without probate for several years is immaterial, provided it was ultimately established

The judgment is affirmed. The other judges concur.