Cooj.ev, Ch. J.:
The bill in this case is filed to foreclose a mortgage given by defendants to John S. Sutphen in his lifetime, '*and constituting a part of his estate at the time of his decease, which took place in March, 1868. Sutphen, at his death, left a will, by which he appointed his wife, Ann Sutphen, his sole executrix, and disposed of his property ■as follows:
“I give and bequeath unto my beloved wife Ann, all of my estate, both real and personal, during her natural life, for her use; but after the death of my said wife, I hereby bequeath unto the children of' my brothers and sisters, each an equal share of what may be left of my said estate after the death of my wife, except ” certain who are named.
Ann Sutphen survived her husband, and without probating the will, took the mortgage in controversy and disposed of it by assigning it to the wife of the principal defendant, Squire W. Ellis. She died in 1869, and the will was afterwards probated, and letters of administration with the will annexed taken out by these complainants.
One of the questions made on the record is, whether the wife as legatee had authority to sell the mortgage. It seems to be supposed by complainants that her interest in the estate of her husband was a life estate merely, and also that her title, such as it was, would date only from the probate of the will, and consequently never vested in her, she having deceased previous to the probate.
On the second point there is no difficulty. When the will was probated it affirmed the title of the beneficiary under it from the time of the death: Blamire v. Geldart, 16 Ves., 314; Sweet v. Chase, 2 N. Y., 73; Terrill v. Public Admr., 4 Brad. Sur. R., 245; and the probate would relate back so as to make *426 valid whatever she has done previously, and which, under the will after probate, she would have had the right to do. It was not shown in this case that there were rights of creditors to be protected, and the case is therefore unembarrassed by any such considerations. The question which remains is, what interest, and what power of control, the testator by his will intended to confer.
*In our view it does not become necessary to consider whether the will gave to the wife more than a mere life estate in the personalty. The terms employed in the limitation to the nephews and neices tend very strongly to show an intent on the testator’s part that they should take only what should “be left” of his estate at the death of the wife; not the whole body of his estate of which the wife had been allowed to make use merely, but what should remain of the estate after the wife’s decease and after she had made it available for her purposes as had been deemed by her proper or necessary. There is certainly much reason to suppose that the testator intended to give his widow powers of final disposal, and to subject the limitation over to the exercise of these powers.
We shall consider this case, however, on the assumption that the complainants are correct in their view that only a life estate was given by the will to Mrs. Sutphen. On that assumption the question would be, whether as owner of the life estate the wife had authority to make an absolute disposition of the mortgage in suit. And on this question it is to be observed, that so far as it might be affected by the condition of the estate and the character of the property, we are left by the evidence in entire ignorance. It is not shown that there are any creditors whose lights might have been affected by the assignment, nor do we know whether the estate was large or small, or whether it consisted principally of real or personal estate, and if of personal estate, what the articles of personal property were. The complainants, therefore, if they can sustain their position, that the assignment by Mrs. Sutphen was void, must establish the point that any assignment of a security by the *427 owner of a mere life estate is necessarily void. But this position is clearly not sustainable.
Where a life estate exists in personal property there must always be a power to make it available according to the circumstances. If the estate consists in money, there must be authority to invest it, and to collect and discharge the ^securities for the purposes of re-investment. If it consists of securities in the first place, the authority to convert them into money, when that is the proper proceeding in order to obtain the income and protect the property from loss, is equally undoubted. Even a sale of a particular security may be entirely admissible where the bulk of the estate is preserved intact; it may even be the only method in which the value of the annual increase of the whole can be realized. The life estate, under such circumstances, is not an estate in each particular security, but it is a life estate in the aggregate; and if that is properly managed and preserved from diminution, nothing more can be demanded. If the estate is wasted, the party in whose behalf the limitation over is made may have the proper remedy; but what right the personal representatives may have to interfere on that ground, is not very obvious.
In this case it does not appear that the transfer of this mortgage by Mrs. Sutphen left the estate at her death at all diminished. The value of the mortgage, so far as we know, may not have exceeded the income of the estate between the time of the death of the husband and that of the death of the wife. If that were so, no one could have made the assignment a ground of complaint. But if the amount of the mortgage exceeded the income, the wrong was to the nephews and neices, who were beneficiaries under the will, and is not to be corrected in the mode attempted here. On this record the defendants were entitled to a decree, and the decree must be reversed, with costs of both courts.
The other justices concurred.