## NATHANIEL RICHARDS v. JERRY W. PIERCE.

*Ejectment by devisee before probate.*

The fact that a will has not yet been proved does not prevent a devisee of lands or a party claiming under him from bringing ejectment.

The Michigan statutes of descents applies only to property which is not devised.

A devisee may take his estate as of the death of the testator, except so far as otherwise provided by statute.

Probate of a will for all purposes relating to the existence and transfer of title, relates back to the death of the testator.

The plaintiff in ejectment is not bound, under forms of pleading used in Michigan, to aver the character of his title, except as to its extent.

Error to Shiawassee. Submitted October 13–14. Decided October 27.

EJECTMENT. Plaintiff brings error. Reversed.

*Hugh McCurdy* and *Oscar Adams* for plaintiff in error.

*J. W. Turner* for defendant in error.

CAMPBELL, J. Plaintiff brought ejectment for certain lands in Shiawassee county, which belonged to James Wadsworth, of Livingston county, New York, and were devised

by his last will to various persons, from whom plaintiff derives title. These devises were partly in trust, and partly directly, in the same proportions and for the same beneficiaries as would have taken the property by descent. The testator died in 1844, and this will was proved the same year in New York, but was not proved in Michigan until after this action was brought.

The only question argued before us was whether, before probate, ejectment could be brought by devisees or by those to whom their rights had been previously transferred. The general direction given by the court below to find a verdict for the defendant must have been given under misapprehension, as title was made out which would have been valid without a will, to a large share of the estate. But this seems to have escaped the notice of all parties, and is not material as the case stands.

There has never been any question of the right of a devisee to take his estate as of the death of the testator, and our statutes confine descents, and did when this testator died, to property which is not devised. Rev. Stat. 1838 p. 267. That this is so for all purposes, except as otherwise provided by statute, is not doubted. But it is claimed that the declaration of sec. 30 p. 275, Rev. Stat. 1838 (which is substantially the same as in subsequent revisions), that " no will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court," makes every devise take effect from probate and not earlier, and if not for other purposes, does so for purposes of bringing action.

As probate was always necessary to enable one to make proof of title of personalty, this statute cannot certainly impose any greater restrictions on realty than existed before on personalty.

There were undoubtedly some technical rules of common-law pleading which required an executor to make *profert* of his letters in pleading. But for any other purpose the decisions are uniform that probate merely furnished the means of establishing by a peculiar kind of record-evidence the validity

of an existing right; and that for every valuable purpose touching the existence and transfer of title the probate was retroactive, and had the same effect as if it had been had at the time of the testator's death. And so far as the statutes have been applied to devises, there is no material difference. Upon so familiar a rule it would not be profitable to multiply authorities, and a few illustrations will suffice as to the condition of things before probate.

The executor may release a cause of action. Co. Lit. 292 b. He may sell goods. *Mayor of Norwich v. Johnson* 3 Mod. 92. He may enter on a term and the entry be good though he die before probate. 3 Dyer 367. He may sell a term of years, though he die before probate, and the sale will stand. *Brazier v. Hudson* 8 Simons 67.

In *Wankford v. Wankford* 1 Salk. 299 and notes, the doctrine is quite fully discussed, and clearly laid down. And the practical result is said in *Brazier v. Hudson* to be that subsequent probate validates all the acts that would be valid after. This may be a somewhat broad statement, but it is certainly true for most purposes, and authorities might be multiplied upon it.

In the United States the rule has been the same. After probate a conveyance previous thereto by a devisee has been held valid. *Spring v. Parkman* 3 Fairf. 127. And in *De Wolf v. Brown* 15 Pick. 462, it was held the estate devised vested immediately both as to realty and personalty on the death of testator, so as to authorize suit for a taking of property connected with a farm before probate. The action then was after probate. Both these cases were under statutes like ours.

We have ourselves passed upon the question as to the immediate interest of a legatee in a mortgage which formed part of an estate in realty and personalty willed to her. In *Sutphen v. Ellis* 35 Mich. 446, we held that an assignment of the mortgage made by the legatee who died before the will was proved was valid. As already suggested, our statute puts realty and personalty on the same footing as to the necessity of probate.

In 3 Redfield on Wills, p. 23, a similar doctrine is laid

down, but it is suggested there as well as in some other authorities that no action will lie before probate, and this seems to be asserted on an idea that.in law no action accrues any earlier.

We think this is a misapprehension. The common law authorities upon pleading require *profert* to be made in the declaration, and for this reason it is often said probate must then have been taken out. But we do not find any doctrine requiring probate before action brought, but only before declaring. In 1 Salk. 302, 303, before referred to, it is said that an action may be brought before probate, but plaintiff cannot declare. Several authorities are collected in Comyn's Dig. "Administration" (B 9), to the effect that an action brought before probate is made good by subsequent probate, "for it is sufficient, if the probate appears upon the declaration." In *Thompson v. Reynolds* 3 C. & P. 123, the true doctrine was most distinctly explained. In that case upon an issue made by plea and replication whether the plaintiff was executor in manner and form as averred in his declaration, in which he actually made *profert* of his letters, he was allowed to recover, although the proof showed the letters were not granted until some months after the declaration was filed.

In equity also it has been held that proof of probate before the hearing is sufficient, although occurring during the litigation: *Humphreys v. Humphreys* 3 P. Wms. 349. And see *Comber's Case* 1 P. Wms. 768.

It appears that the only objection that has been urged does not really go to the right of action, but only to the formalities of pleading; and that this forms no exception to the rule that the probate relates back. As under our form of pleading the plaintiff in ejectment is not bound to aver the character of his title except as to its extent, there is no room for the formal objection, which has never even in personal actions been allowed to prevail if the party chose to make proper allegations, whether true or false.

We think the plaintiff had a right to bring his suit. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.