## BROOKS *v.* McCOMB.

### (*Circuit Court, D. Kansas.* March 25, 1889.)

WILLS—FOREIGN—RECORDING—DOCTRINE OF RELATION.

> Comp. Laws Kan. 1881, c. 117, § 29, provides that "no will shall be effectual to pass real or personal estate, unless it shall have been duly admitted to probate, or recorded, as provided in this act." Chapter 37, § 146*a*, provides that powers of sale conferred upon executors, etc., by foreign wills, shall, as to lands situated in Kansas, be as valid there as in the state where the will was made, "provided that at the time of such conveyance (under the power) a copy of such will shall have been recorded in the office of the probate court in the county in which any land so conveyed is situated, as authorized by" chapter 117, § 24. *Held,* that where a foreign executor conveyed land in Kansas, under a power of sale in the will, before recording the will, but no rights of third persons intervened, the subsequent recording related back to the date of the conveyance, and made it valid.

At Law. Ejectment by Anna L. Brooks against John McComb.

*Hallowell & Hume,* for plaintiff.

*Campbell & Dyer* and *Sluss & Stanley,* for defendant.

FOSTER, J. The plaintiff brings her action of ejectment against said defendant to recover the possession of lots 34 and 36 on Waco street in

Waterman's addition to the city of Wichita. The facts out of which this controversy arose are briefly as follows: William H. Brooks died in 1880, seised in fee-simple of this property. Said Brooks left as his heirs this plaintiff, and a minor child, Walter L. Brooks. William H. Brooks died testate, and in his will he devised the property in controversy, with other property, to his minor child, and, after naming his brother, James C. Brooks, and, in case he declined to act, then Clarence D. Perry, to be the executor of his will, he uses the following language:

"And I hereby give to my executor, or whoever may settle my estate under this will, full power to sell any part or parts of the real estate herein devised as a part of the residue of my estate to my son, Walter, either at public or private sale, and to give good and sufficient deeds therefor to the purchaser or purchasers, so that the latter will not be answerable for the application of the purchase money, if in the opinion of the person or persons so settling my estate it shall be more convenient for the purpose of settling my estate, or for the purpose of arranging or settling the annuities herein given, and in case of said sales, the balance of the proceeds, after paying my debts, legacies, and annuities, shall belong to, and go to, my son, Walter, as a part of the residue of my estate."

At the time of his death the testator's residence was in Cook county, state of Illinois, and his will was duly probated in said county in January, 1881; and, James C. Brooks having renounced all claims to act as executor under the will, letters testamentary were duly issued out of the probate court of Cook county to Clarence D. Perry, named in said will, who was also a citizen of Illinois. Afterwards, and on March 15, 1883, the said executor Perry, sold and conveyed the property in controversy to A. A. Hyde, a citizen of Wichita, for the consideration of $300. The executor's deed recites the making of the will, the power of sale therein given, the probating of the same, and the issue of letters testamentary to said Clarence D. Perry, etc., and then conveys all the right, title, and estate that the testator had in said real estate at the time of his death. At the time this deed was made, the said will had not been recorded in the probate court of Sedgwick county, where said land was situated, but was filed and recorded on or about the 5th day of April thereafter. The defendant, McComb, has all the rights that Hyde took under the executor's deed, and for the purposes of this case the plaintiff has all the title of Walter L. Brooks.

There seems to be but one question in the case. Did the failure to record the will in the probate court of Sedgwick county before making the deed by the executor, but recording the same several days afterwards, prevent any title to the land passing to Hyde, the grantee under the executor's deed? Section 24, c. 117, of the Laws of Kansas provides as follows:

"Authenticated copies of wills, executed and proved according to the laws of any state or territory of the United States, relative to any property in this state, may be admitted to record in the probate court of any county in this state, where any part of such property may be situated; and such authenticated copies, so recorded, shall have the same validity as wills made in this state, in conformity with the laws thereof. * * *"

Section 29 reads as follows:

"No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate, or recorded, as provided in this act."

Section 146a, c. 37, reads as follows:

"Whenever in any will which heretofore has been, or hereafter shall be, executed and proved in any state or territory of the United States, power is given to the executor or administrator with the will annexed to sell or convey real estate of the testator, any executor of such will or administrator with the will annexed of the estate of the testator, duly appointed and qualified in any state or territory of the United States in which such will shall have been executed and proved, may sell and convey the real estate of the testator in this state in pursuance of the power given in the will, as effectually, and to the same extent, as if letters testamentary or of administration with the will annexed of the estate of the testator had been duly granted to such executor or administrator in and under the provisions of the laws of this state, unless, at the time of such sale and conveyance, administration upon the estate of the testator shall have been granted in this state: and provided, that at the time of such conveyance a copy of such will shall have been recorded in the office of the probate court in the county in which any land so conveyed is situated, as authorized by section 24, c. 117, of the General Statutes."

It is apparent from the proviso to the foregoing section, as also from sections 24 and 29, that the executors deed did not operate to transfer the title prior to the recording of the will; and the question to be determined is whether under the rule of law called "relation" the subsequent recording made good title. "Relation" is defined as a fiction of law by which an act or instrument is from necessity and for the advancement of justice, permitted to take effect at a time anterior to its actual performance or execution. *Jackson* v. *Ramsay*, 3 Cow. 75; *Landes* v. *Brant*, 10 How. 373; *Gibson* v. *Chouteau*, 13 Wall. 100. The doctrine is applied only to subserve the ends of justice. *Lynch* v. *Bernal*, 9 Wall. 325. The plaintiff insists that the doctrine of relation cannot be applied to or help the defendant's title, because the act of the executor prior to the recording of the will was a nullity, and absolutely void. A great number of decisions are cited to show that the exercise of a naked power must be strictly followed, or it is a nullity. So far as I have been able to discover, these decisions were on the question of the exercise of power without any regard to the question of relation, and if this case was free of that question,—that is, if the will had never been recorded, or the plaintiff's rights had intervened before its recording,—there would be but little doubt that as to her it must be declared a nullity, and conveyed no title. If the act was absolutely void, the doctrine of relation cannot be applied. *Jackson* v. *Ramsay, supra*. I know of no rule of law that would made the executor's deed absolutely void. He derived his power under the terms of the will itself. It is not claimed that he exceeded that power, or exercised it in a manner different from the terms of the will. He was fully qualified as executor. He had violated no law. The most that can be claimed for section 146 is that he could not convey title to the land unless the will shall have been recorded in the probate court. His deed did not operate to pass the title, because the will was not re-

corded, although he had strictly complied with the power conferred on him by the testator. In *Ex parte Fuller*, 2 Story, 327, Judge STORY says, speaking of the will: "The act of the testator gave it life; his death consummated the title." The probate of the will ascertains nothing but the original validity of the will as such. He further says, construing a statute of the state of Maine, very similar to section 29 before cited: "The section only provides that no will shall be effectual to pass real estate, unless it shall have been duly proved, not until it shall have been duly proved." In that case it was decided that the title of a devisee upon the probate of the will related back to the devisor's death. In *Adams* v. *De Cook*, 1 McAll. 253, the court held that a will before probate was not a nullity, but the foundation of the title, and cites Judge STORY's views in the *Fuller Case* with approval. The death transfers the property, and the will says where it shall go. *Comstock* v. *Adams*, 23 Kan. 524. In *Poole* v. *Fleeger*, 11 Pet. 211, the plaintiff in ejectment claimed the land as the devisee of Rohrer. The will had been made and proved in Pennsylvania. The suit was commenced in Tennessee, without there being any registration of the will in that state, but the registration was made afterwards. The court says:

"If the registration was rightfully made in Tennessee, it has relation backwards, and the time of the registration is wholly immaterial, whether before or after the institution of the suit."

In case of *Hall's Lessee* v. *Ashby*, 9 Ohio, 99, the court decided that the registry of a foreign will in Ohio was merely for the purpose of admitting a copy in evidence, and that the will took effect from the death of the testator, and not from the registry. In *Woodbridge* v. *Banning*, 14 Ohio St. 328, the court held that the estate did not pass to the devisee until probate of the will. This decision was based upon a statute similar to section 29 of the Kansas statute, and is undoubtedly correct; but the court in that case say nothing on the subject of relation. It is not claimed in this case that the title passed until the will was recorded. In the case of *Woodbridge* v. *Banning* a suit was brought by some of the heirs of the testator against other heirs for a partition of the real estate, ignoring the will. One of the heirs, who was a devisee under the will, and defendant in the partition suit, set up in his answer the making of the will, that it had been spoliated, and a suit pending by him for its restoration. Of course the will had not been probated, and he had no available title under it which he could assert until it was probated. Hence it availed him nothing as a defense to the suit for partition; and it stands to reason that his rights under the will could not have been adjudicated in that suit. Afterwards the will was established and probated, and the court held that the devisee was not precluded by the record in the partition suit from asserting his rights under the will against the other heirs. It would have been manifestly unjust to have applied the doctrine of relation to make that record a bar against him, when he had no day in court, and no opportunity to assert his title under the will, which title had afterwards been perfected and made available by the restoration and probate of the will. In *Evans* v. *Anderson*, 15 Ohio St.

324, the court use these words: "The probate of the will does not strengthen the title, but gives the will effect as evidence and makes it available." In *Richards* v. *Pierce*, 44 Mich. 444, 7 N. W. Rep. 54, suit was brought in ejectment by the grantee or devisee. The will was made and probated in New York, but not probated in Michigan until after suit brought. The court held, under a statute similar to section 29 of the Kansas statute, that the suit could be maintained, and that the probate related back to the commencement of the suit. The case of *Brazier* v. *Hudson*, 8 Sim. 67, is cited to the effect that subsequent probate validates acts that would be valid if probate had preceded the acts. The court further say that the probate merely furnished the means of establishing by record evidence the validity of an existing right, and that for every valuable purpose touching the existence and transfer of title the probate was retroactive. In *Crusoe* v. *Butler*, 36 Miss. 150, the will in controversy was similar to the one in this case, and the statute of Mississippi similar to the Kansas statute. The court say the power comes from the will, and the probate was merely to authenticate the evidence by which the power was established, and the subsequent probate of the will made valid the title under a deed made prior thereto. This case is a strong one, and the subject is fully discussed on pages 170 and 171. The case of *Wilson* v. *Wilson*, 54 Mo. 213, is another case directly in point. The court holds that the will giving power of sale vests the title in the executor at the death of the testator, and the executor's deed made before the probate of the will is a good conveyance, provided the will be subsequently probated. In this case the will was probated two years after the deed was made. Many other cases might be cited to the same import, but it seems to me these are sufficient. Judgment must go for defendant.