MARGARET SCHEHR v. WILLIAM LOOK, ADMINISTRATOR, ETC.

*Will—Life-estate—Trust.*

A testator gave the executors named in his will full power and authority to sell and convey all of his estate, and directed them to invest the proceeds in certain specified securities.    He then bequeathed to his wife, during her natural life, the use, income, and profit of all of his estate, and the interest arising from such investments, out of which she was to support his minor children until 16 years of age, or until able to support themselves; and after her death the remainder and residue of his estate was devised to his children equally, to have and to hold forever.    The executors resigned without executing the trust, and an administrator *de bonis non* was appointed, and the estate was closed as far as payment of debts and expenses of administration were concerned, leaving about $4,000 in personal property in the administrator's hands; and on his refusal to turn it over to the widow she filed a bill to construe the will, and it is held:

*a*—That the interest of the complainant is limited to the use of the estate during her life, and after her death it vests in the children.

*b*—Whether or not the testator intended to vest any estate in the executors, or only to give them power of disposition, does not become material.    The execution of the trust failed by their resignation before any portion of the estate was disposed of, or any distribution made of the estate, which is in the hands of the administrator, and upon proper application a.

---

[1] See *Detroit v. Railway Co.*, 37 Mich. 558.

court of chancery would have power to appoint the necessary trustee for its control and management, and provide for the payment of the income over to the widow.

Appeal from Wayne. (Reilly, J.) Submitted on briefs December 5, 1890. Decided December 24, 1890.

Bill for construction of a will, and for an accounting. Decree dismissing bill affirmed. The facts are stated in the opinion.

*William E. Walsh,* for complainant.

*William Look,* in *pro. per.,* and *Harry F. Chipman,* for defendant.

LONG, J. John Schehr departed this life in Wayne county on September 12, 1869, leaving surviving him his widow, Margaret Schehr, and six children, his heirs at law. By his last will and testament he nominated and appointed Frank Nohe, Adam Betzing, and William Darmstaetter, of the city of Detroit, to be the executors of his last will, giving them full power and authority to sell, convey, and dispose of any and all personal and real estate of which he died seised and possessed, at such times, to such purchasers, and upon such terms as to the said executors should seem meet, whenever they should find the sale advantageous to the estate; the executors to invest the proceeds of such sales in good and approved bonds and mortgages upon real estate in Wayne county, and upon no other kind of security. The second, third, and fourth clauses of the will read as follows:

"*Second.* I give, bequeath, and devise unto my wife, Margaret Schehr, of the city of Detroit, county of Wayne, and State of Michigan, during the term of her natural life, the use, income, and profit of all my property, real, personal, and mixed, of every nature whatever, and the interest arising from the aforesaid investments, under the following conditions: She shall out of the income prop-

erly support and educate my children until they become sixteen years of age, or until they are able to support themselves.

" *Third.* The foregoing provision is to be received and accepted by my wife, the said Margaret Schehr, in lieu of any and every claim of dower.

" *Fourth.* From and after the decease of my wife, the said Margaret Schehr, I give, bequeath, grant, and devise all the remainder and residue of all my estate, real, personal, and mixed, of every nature whatever, unto my six children, namely, Caroline Gries, Catharine Schehr, John Schehr, Marie Schehr, Barbara Schehr, and Edward Schehr, to be equally divided among them, and to have and to hold the same unto them, my said children, their heirs and assigns, forever."

Two of the executors named entered upon the discharge of their duties, but subsequently resigned, when Daniel Fleper was appointed administrator *de bonis non,* with with the will annexed. Upon his resignation the present administrator was appointed.

It appears that the estate consists of about $4,000 of personal property. The estate has been closed as far as the payment of debts and administration expenses are concerned, but the administrator has possession of the estate, and refuses to turn it over to the complainant in this cause, who claims that she is entitled to the possession of the property and estate of the deceased, upon the grounds—

1. That she takes the estate absolutely, according to the terms of the will.

2. That, though she does not take absolutely under the terms of the will, yet she is entitled to the possession of the funds in the hands of the administrator, and to have the care and control of such funds during the term of her natural life.

The bill is filed to obtain a construction of the will, and for an accounting with the administrator, and con-

tains a prayer that the moneys, mortgages, bonds, stocks, and other securities may be turned over to her. In the court below the bill was dismissed. The questions at issue are to be determined upon a construction to be given to the clauses of the will above set out.

Counsel for complainant cites *Sutphen v. Ellis,* 35 Mich. 446; *Jones v. Jones,* 25 Id. 401; *Proctor v. Robinson,* 35 Id. 291,—in support of his contention that the widow took the property absolutely under the terms of the will. These cases are, however, plainly distinguishable from the present case. In *Sutphen v. Ellis, supra,* the language of the bequest to the wife was:

"I give and bequeath unto my beloved wife, Ann, all of my estate, both real and personal, during her natural life, for her use; but after the death of my said wife, I hereby bequeath unto the children of my brothers and sisters each an equal share of what may be left of my said estate after the death of my wife."

It was held that the terms employed in the limitation to the nephews and nieces tended strongly to show an intent on the testator's part that they should take only what should be left of his estate at the death of his wife, and not the whole body of the estate, of which the wife was to have the use merely. And so in the other cases cited, it appears very plainly that the testators did not intend to limit the estate of the wife to the use merely, and this was gathered from the terms of the will.

In the present case, however, it is evident from the language employed that the estate bequeathed to the wife is intended to be limited to the use, and after her death the whole body of the estate is to become vested in the children. Whether or not the testator intended to vest any estate in the executors, or only to give them power of disposition, does not become important. The execution

of the trust failed by the resignation of the executors before any portion of the estate had been disposed of or any distribution made. The estate is now in the hands of the administrator, and upon proper application undoubtedly a court of chancery would have power to appoint the necessary trustee for the control and management of the estate, and to pay the income over to the widow. But the fair interpretation of the will is that the testator intended to give the widow only the use, and that the whole body of the estate, after her decease, should go to the children. It is also quite apparent that the testator did not intend that the widow should have full possession and control of the estate, with the power absolutely to sell and dispose of it, or to use the estate, aside from the income to be derived from its use; and that the estate might be preserved to the children after the death of his wife, he named these parties as executors of his will, and gave them the power to control and invest it. From the intimation given here there will be no difficulty in settling the questions as to the care and management of the estate, to the end that it may be preserved to the children. The court below very properly dismissed complainant's bill.

The decree will be affirmed. The costs will be allowed out of the estate.

The other Justices concurred.