LOIS McCARTY, ADMINISTRATRIX, v. CLARISSA A. FISH.

[See 81 Mich. 460.]

*Will—Life-estate—Vested legacy—Condition.*

1. A wife, after providing a life-support for her husband from the income, and, if necessary, by the use of her entire estate, bequeathed $500 of the residue to his niece, in consideration of her care and assistance towards the testatrix and her husband, to be performed during their natural lives; which provision is held not to be in terms a condition, but rather an expression of the reason or inducement for the legacy, which vested on the death of the testatrix, subject to being divested in case the entire estate was required for the husband's support.

2. A wife willed her entire estate to her husband, for and during his natural life-time, to be used by him in defraying his necessary expenses, and provided that, if the income was

insufficient for that purpose, he might use so much of the principal as might be necessary, and that, if there was any property left after paying said expenses, certain legacies should be paid therefrom, and the remainder, if any, was bequeathed to a daughter. And it is held that the husband did not take the whole estate absolutely at the death of the testatrix, but a life-support, to be furnished from the income, if sufficient, and, if not, by the use of so much of the principal as might be necessary for that purpose.

Error to Jackson. (Peck, J.) Argued June 4, 1891. Decided July 28, 1891.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered in this Court for plaintiff. The facts are stated in the opinion.

*Grove H. Wolcott,* for appellant.

*Lewis M. Powell,* for defendant.

Long, J. This is an action in *assumpsit,* brought by plaintiff to recover a bequest of $500 to Hattie McCarty, contained in the will of Alvira Palmer, deceased.

The declaration is upon the common counts. Defendant pleaded the general issue.

It appears that an application for administration of the estate of Hattie McCarty, deceased, was made to the probate court of Jackson county, by the plaintiff, who is the mother of Hattie McCarty, in 1889, in which the above bequest was stated to be the only property of the deceased in such county. The petition was denied by the probate court upon the ground that there was no property to administer; and upon an appeal to the circuit court the order of the probate court was affirmed, holding that there was no estate in the county of Jackson belonging to the said Hattie McCarty at the time of her death. Upon the appeal to this Court in that cause the orders of the

87 Mich.—4.

circuit and probate courts were set aside, and it was held that property rights could not be adjusted upon application for administration. *In re McCarty*, 81 Mich. 460. Since the above decision, plaintiff has been appointed administratrix, and as such seeks in this action to recover the said bequest of $500, which is now held by the defendant.

Alvira Palmer, aunt of Hattie McCarty, made her last will February 26, 1879, and two days thereafter executed a codicil to the same, whereby defendant became sole residuary legatee. At or about the date of the execution of the will Hattie McCarty took up her residence with Alvira Palmer, the testatrix, and her husband, Reuben Palmer, and continued to care for and assist the two until the death of Alvira Palmer, which occurred on the 5th day of February, 1880. She then remained with and cared for Reuben Palmer until the 28th day of July, 1880, at which time, on account of illness, she went to her mother's home in Wayne county, N. Y., where she remained until her death, August 8, 1881. A short time after going to the state of New York she received from Reuben Palmer the following letter:

"JACKSON, MICH., 12, 1880.

"*My Dear Niece Harriet:* We received your letter, and was sorry to hear that you was not any better. I am up and down as usual. Now, Harriet, you know that Bennett has served an injunction on Frank, and I can get no money, and Bennett says he will spend a thousand dollars but what he will have that collected; so you see I can't get any money until that is settled. So you see now, Harriet, I have made up my mind not to keep house any more. You shall have that $500 just the same as if you took care of me the rest of my life-time.

"REUBEN PALMER."

It appears that Reuben Palmer, the husband of the testatrix, died on March 16, 1886. The estate of Alvira

Palmer at her decease consisted of a real estate mortgage executed by one Frank Eggleston, of the value of $3,000, and only the interest of this sum was used by Reuben Palmer for his support. The estate of Elvira Palmer has been settled, and all the bequests paid, according to the terms of her will and codicil, by the executor, except the one to Hattie McCarty, which was delivered to defendant as residuary legatee.

The only questions raised upon this record for our consideration are:

1. By the terms of the will, did Reuben Palmer take the whole estate absolutely at the death of his wife?
2. If he took but a life-estate, did the bequest of Hattie McCarty become vested, so that at the death of Reuben Palmer she would be entitled to receive it?

The provisions of the will to be considered are as follows:

"*First.* I do give, devise, and bequeath all the estate and property, whether real, personal, or mixed, and wheresoever the same may be situate, that I may own or be possessed of at the time of my decease, to my beloved husband, Reuben Palmer, for and during his natural life-time, to be used by my said husband, Reuben Palmer, during his life-time in defraying his necessary expenses; and, should the income of said property not be sufficient for that purpose, then he is to use so much of the principal as may be necessary. Should there be any property left after the paying of the expenses of my said husband, Reuben Palmer, then, in that case, after his death, I do will and dispose of the property remaining in the manner following, to wit:

"*Second.* I do will and bequeath to the beloved niece of my said husband, Hattie McCarty, the sum of $500, in consideration of her care and assistance towards myself and my said husband, to be performed by her to us during our natural lives."

By the third clause of the will the testatrix gave her son Martin the sum of §1,000, and, by the fourth clause, to her son Warren the sum of $500. The defendant in

this case, a daughter of the testatrix, was made the residuary legatee. Upon the hearing in the court below, the court directed verdict in favor of the defendant.

It is contended by counsel for defendant that Reuben Palmer, under the will, had the right to the possession and control of the mortgage, and might collect the same and use the whole of it for his own purposes during his life-time; and that, therefore, he was vested with ·the absolute interest in the mortgage, instead of a life-interest merely, so that there was nothing to pass to Hattie McCarty by the second clause of the will. We do not think this position well taken. He was to have the property for and during his natural life, to be used in defraying his necessary expenses. The will must be construed as a whole, and it was evidently the idea of the testatrix that the income from the property would be sufficient to meet the necessary expenses of her husband during the term of his natural life, as she provided for two of her sons after the death of her husband, as well as Hattie McCarty, and she also made disposition of the residue of her estate. The son Martin was appointed executor under the will, and was entitled to the control and possession of the assets of the estate, with the right, however, to Reuben Palmer, should his necessary expenses require it, to use any part of the principal sum.

In *Schehr v. Look*, 84 Mich. 263, the testator gave to his executors power to sell any or all personal or real estate of which he should die seised and possessed, as they should deem proper, and invest the proceeds; and he gave to his wife during the term of her natural life the use, income, and profit of all his property, real, personal, and mixed, of every nature whatsoever. By a subsequent clause of his will he gave all the remainder and residue of his estate to his six children. It was held by this Court that the testator intended to give his wife

only the use of the estate, and did not intend that she should have possession and control of the body of the estate; distinguishing that case from *Sutphen v. Ellis*, 35 Mich. 446; *Jones v. Jones*, 25 Id. 401; and *Proctor v. Robinson*, 35 Id. 291.

In the present case, Reuben Palmer was not appointed executor of the will. The execution of the will was intrusted to the son Martin, who was also made a legatee. It is therefore quite apparent that the interest which Reuben Palmer was to have was limited to the use of the estate during his life-time, except, in the event of his necessities requiring it, that he should have the right to use the principal sum. There is no ambiguity or uncertainty in this first clause. It is of all the property, for and during his natural life-time, to be used during his life-time in defraying his necessary expenses, with the right to use so much of the principal as might be necessary, in case the income should be insufficient. It was clearly the intent of the testatrix that the interest which her husband should take was only the use and enjoyment of it during the term of his natural life, and the remainder over to her children and to Hattie McCarty.

In *Larned v. Bridge*, 17 Pick. 339, the clause of the will construed was as follows:

"I give and bequeath to my beloved wife the use and benefit of all my estate, real and personal, and, should the income prove insufficient for her comfortable support, she to dispose of so much thereof as shall be necessary for that purpose; and at her decease I order the remainder to be equally divided among my children."

It was held that this was not in the nature of a legacy, and vested in the widow an estate for life, with the naked power to sell only in case the income should be insufficient.

Upon the second point it is contended by counsel for

defendant that the legacy to Hattie McCarty had not become vested in her at the time of her death, and consequently the plaintiff can take nothing in this suit. It is conceded by him in his brief that, if the legacy was vested in Hattie McCarty at the time of her death, then the plaintiff would be entitled to recover, if Reuben Palmer only took an estate for life. The contention is that the legacy did not vest, for the reasons:

1. That it was given upon the condition that she should care for and assist the testatrix and her husband during their natural lives, which is a condition precedent to the vesting of the legacy.

2. That it was to be taken only upon the consideration being performed, which was never performed, that the legatee should care for the testatrix and her husband during their natural lives.

The general rule is that all estates under wills, in the absence of any provision to the contrary, are to take effect or become vested at the decease of the testator; and, where the instrument contains words, in regard to any estate created by it, limiting the period of enjoyment to some future time after the decease of the testator, it may then become a question whether the vesting of the estate is intended to be delayed, or only the time for the present enjoyment. It may safely be affirmed that the English as well as the American cases establish the following propositions:

1. It is competent for the testator in terms to direct whether the estate over shall vest or not; and, when this is done, all construction is excluded.

2. Where there is reasonable ground for saying that upon the whole it is just to suppose that the testator expect a devisee or legatee over to take a vested interest, the court will so construe the bequest.

3. No estate will be held contingent unless very decisive terms of contingency are used in the will, or it is necessary to hold the same contingent in order to

carry out the other provisions and implications of the will.

The mere fact that one estate under a will is provided to take effect after the termination of the intervening one will not have the effect to prevent both estates becoming vested at the moment of the decease of the testator, the one in possession, the other in prospect or remainder.

It will be found that the question of vesting or remaining contingent depends upon whether the condition of the intervening estate determining and the estate over taking effect is one that must happen some time, and so as to give effect at some period to the second estate, or may never happen. If the former, then the second estate in remainder will always be regarded as vested, but in every case where the existence of a secondary estate is dependent upon a contingency which may never happen, or never happen so as to allow the vesting of the secondary estate, then the devise or bequest must be regarded as contingent as well in its character as in regard to the time when it will come into operation. The courts have generally manifested a disposition so to construe the language of devises and legacies as to favor the vesting of all the estates attempted to be created. The fact that the testator makes no provision in regard to the disposition of the estate, providing the event named for a devisee or a legatee coming into full possession never occurs, is regarded as satisfactorily showing that it was not in the mind of the testator to create a contingent estate.

In *Eldridge v. Eldridge*, 9 Cush. 516, Shaw, C. J., defines the rule of construction upon this subject thus:

" When, therefore, words are equivocal, leaving it in some doubt whether words of contingency or condition apply to the gift itself or to the time of payment, courts

are inclined to construe them rather as applying to the time of payment, and to hold the gift rather as vested than contingent."

In *Dingley v. Dingley*, 5 Mass. 537, Parsons, C. J., states the rule as follows:

"For it is a rule of law that a remainder is not to be considered as contingent when it may be construed consistently with the testator's intention to be vested."

In *Smith's Appeal*, 23 Penn. St. 9, it was said:

"The law favors an absolute, rather than a defeasible, estate; a vested, rather than a contingent, one; a primary, rather than a secondary, intent."

In *Letchworth's Appeal*, 30 Penn. St. 175, it was held that the law always inclines to hold the whole interest in property as vested, rather than contingent; and therefore, in case of doubt, it declares the interest vested.

In *Childs v. Russell*, 11 Metc. 16, the will contained the following clause:

"After the payment of my just debts, funeral expenses, and money legacies, I will and order my executor, hereinafter named, to vest in stocks, or keep at interest, all the rest, residue, and remainder of my personal estate, to raise a fund out of which the annuity to my said beloved wife is to be paid during her natural life; and, after her decease, should she survive me, I will and order that all the rest, residue, and remainder of my estate, real, personal, or mixed, and of whatsoever name or nature, shall be divided among my heirs according to law, excepting the share which will by law descend to my daughter Elizabeth."

Upon this clause, the testator's wife having survived him and received her annuity while she lived, it was held that the time of distribution only, and not the right to the distributive share, was postponed until after the decease of the wife. It was contended in that case, as

in this, that the whole fund might be exhausted, and that, therefore, it was such a contingency as would prevent the vesting of the legacy; and the chief justice remarked:

"It was a suspension of the distribution and payment for an ascertained time; but in the mean time we think the right to the distributive shares vested in the heirs, to take effect in enjoyment upon the decease of the widow, an event certain in itself, and contingent only in respect to the time it should happen."

When there is doubt whether the words of contingency or condition apply to the gift itself or to the time of payment, courts are inclined to-construe them to apply to the time of payment, and to hold the gift rather as vested than contingent. *Toms v. Williams,* 41 Mich. 552.

Under the second point counsel for defendant contends that the bequest to Hattie McCarty was not only contingent upon there being any property left at the death of Reuben Palmer, but was upon condition that she should care for and assist the testatrix and her husband during their natural lives, and that it falls within the rule that, where a devise is made upon a condition to be performed or paid by the legatee, the legacy will not vest until the condition is performed. It will be observed, however, that the testatrix made no provision in the will for the share of the estate bequeathed to Hattie McCarty should she fail to perform this claimed condition,—that is, to care for and assist the testatrix and her husband during their natural lives,—except by the residuary clause.

It appears to me that it was the intent of the testatrix in the present case that her husband, Reuben Palmer, should be supported out of her estate during the

term of his natural life, and, if the income from her estate was insufficient for that purpose, that the whole or any part of the principal sum might be used for his support and maintenance; that, if anything should be left of the estate, Hattie McCarty was to have $500, the son Martin $1,000, and the son Warren $500; and if, after the payment of these legacies, anything remained, it should go and belong to the daughter, Clarissa A. Fish, the defendant in this case. The fact that her husband might use the whole of it in his support and maintenance during his life-time would not prevent the vesting of the legacy in Hattie McCarty, subject, however, to be divested if the contingency happened that her husband's necessities required the use of the whole of the principal sum. This would apply as well to the two sons, who were given legacies by the third and fourth clauses of the will.

The contention that Hattie McCarty was to have $500 only on condition, and for the consideration of her care and assistance towards the testatrix and her husband, to be performed by her during their natural lives, we think has no force. The language used is not in terms a condition, but rather, as asserted by counsel for plaintiff, an expression of the reason or motive or inducement for making it, as there are no words of forfeiture in the gift, and nothing to indicate a different disposition of the money in case Hattie McCarty should fail to care for and assist the testatrix and her husband during their natural lives.

We are of opinion, in reading the whole will, that this legacy vested in Hattie McCarty at the time of the decease of the testatrix, and that the court was in error in directing verdict and judgment for the defendant.

The judgment of the court below must be reversed,

and judgment entered in this Court for the amount of the legacy, with interest from the time demand was made upon the residuary legatee for its payment. The plaintiff will recover the costs of both courts.,

The other Justices concurred.