## LOOK *v.* DURFEE.

ESTATES OF DECEDENTS — APPOINTMENT OF ADMINISTRATOR AS TRUSTEE—ACCOUNTING—JURISDICTION.

> One appointed to administer an estate, the income of which was bequeathed to decedent's wife for life, the whole estate to become vested, after her death, in decedent's children, is not relieved from the duty of accounting as administrator to the probate court by his subsequent appointment as trustee of the estate by a court of chancery, pursuant to proceedings taken by the wife, where the children were not made parties to, nor given notice of, such proceedings,

Error to Wayne; Steere, J., presiding. Submitted January 4, 1898; opinions filed March 15, 1898. Rehearing granted April 19, 1898: former decision reversed October 3, 1899.

*Certiorari* by William Look to review the decision of Edgar O. Durfee, probate judge of Wayne county, holding relator accountable to the probate court as administrator of the estate of John Schehr, deceased. From a judgment of affirmance, relator brings error. Affirmed.

*Ira G. Humphrey* and *George X. M. Collier* (*Willis Baldwin,* of counsel), for appellant.

*James H. Brewster* and *Frank A. Noah* (*Wisner & Harvey,* of counsel), for appellee.

MOORE, J.  In 1869, John Schehr died leaving a will, which was probated.  He left a widow and six children. In his will he appointed three executors, giving them full power and authority to sell his personal and real estate, and to invest the proceeds in mortgages upon real estate in Wayne county.  The executors subsequently resigned, and an administrator *de bonis non* with the will annexed was appointed.  Upon his resignation, Mr. Look was appointed administrator.  At this time the debts and administration expenses had been paid, and the estate consisted of personal property amounting to about $4,000. The widow, Mrs. Schehr, claimed that she was entitled to this estate.  Her claim was not admitted by the administrator.  She filed a bill in chancery to obtain possession of the property.  Her bill was dismissed in the circuit court, and, upon appeal to this court, the decree was affirmed. The case is reported as *Schehr* v. *Look,* 84 Mich. 263.  In that case the court construed the will of Mr. Schehr, and made use of this language:

"In the present case, however, it is evident, from the language employed, that the estate bequeathed to the wife is intended to be limited to the use, and after her death the whole body of the estate is to become vested in the children.  Whether or not the testator intended to vest any estate in the executors, or only to give them power of disposition, does not become important.  The execution of the trust failed by the resignation of the executors before any portion of the estate had been disposed of or any distribution made.  The estate is now in the hands of the administrator, and, upon proper application, undoubtedly a court of chancery would have power to appoint the necessary trustee for the control and management of the estate, and to pay the income over to the widow."

Doubtless, acting upon the suggestion contained in this·

opinion, Mrs. Schehr, in June, 1891, filed a bill in chancery against Mr. Look, as administrator, praying for an accounting by him as administrator and for the appointment of a trustee.    July 23, 1891, a decree was entered in said cause according to the prayer of the bill.    Mr. Look was appointed trustee, and filed his account as administrator, and entered upon his duties as trustee, and continued to obey the orders of the chancery court until Mrs. Schehr died, in July, 1895.    In September of that year, Mr. Look filed his final account as trustee, showing a balance in his hands of something over $2,000.    In October, 1895, Mr. Look was cited to appear before the probate court and file his final account as administrator.    He appeared before the probate court, and objected to its jurisdiction upon the ground that he was now a trustee, and should account to the chancery court, and not to the probate court.    The probate court held it had jurisdiction, and found a balance to be due from Mr. Look of something more than $5,000.    The question involved here is, Should Mr. Look be required to settle his account in the probate court as administrator, or in the chancery court as trustee?

In support of the contention that Mr. Look should settle with the probate court, counsel cite *Holbrook* v. *Campau*, 22 Mich. 288; *Lafferty* v. *Savings Bank*, 76 Mich. 35; 2 How. Stat. § 5957; and the recent cases of *In re Sanborn's Estate*, 109 Mich. 191, and *In re Sweetser's Estate*, Id. 198.    We do not think these cases are controlling here, for the conditions are very different.    The only act Mr. Look had done as administrator was to take the estate as it came to him.    His right to the estate was at once questioned, and the aid of the chancery court was invoked to decide that right.    It was then said by this court that, upon the matter being brought before the chancery court, it would take jurisdiction to appoint a trustee, and later it did appoint a trustee.    To its action in that respect apparently no objection was made, and for four years the trustee managed the estate under the direc-

tion of the chancery court. In *Re Sanborn's Estate,* 109
Mich. 196, Mr. Justice MONTGOMERY said:

"Assuming that the will creates such a trust as is con-
tended, we think that, before the executor can discharge
himself of his official responsibility, he must do some act to
change the character of his holding, and show that the
fund is placed safely where it ought to be."

Is not that just what has been done in this case? Sup-
pose the chancery court had appointed some one else as
trustee, and Mr. Look, as administrator, had turned over
all the assets in his hands as administrator to the trustee,
who for four years administered the fund as trustee, and
disposed of the income under the direction of the chancery
court; could it justly be said that the probate court should
still require the administrator to account to it for the en-
tire fund, just as though no proceedings were had in the
chancery court? We think not. The record shows that
the fund which came to Mr. Look as administrator passed
into his hands as trustee, and we think he should account
as trustee to the court appointing him.

The order of the circuit court is reversed, the writ will
issue as prayed, and the order of the probate court is
vacated.

GRANT, C. J., and LONG, J., concurred with MOORE, J.

HOOKER, J. (*dissenting*). The relator was appointed
administrator *de bonis non* with the will annexed of the
estate of one John Schehr, which estate at that time con-
sisted of personal property, and it came to the hands of
the relator. The testator's widow claimed that she was
entitled to the possession of the entire estate as absolute
owner, and that, at all events, she was entitled to the pos-
session and control of the property during her natural life.
This being disputed, she filed a bill in chancery for a con-
struction of the will, and relief, and, upon a hearing in
this court upon appeal, her bill was dismissed, with the
intimation that she was entitled to the income from the
estate, and, as the trustees named in the will had re-
121 MICH.—30.

signed, an application might be made to a court of chancery to appoint a trustee, and this was done, the relator being appointed. He administered the trust until the widow's death, when he filed his final account as trustee in the equity court, showing a balance of $2,024.92 in his hands, giving notice to interested parties. A month later he was cited into probate court to show cause why he should not file his final account as administrator, and appeared and filed such account, but insisted that he had filed his final account in the court of equity, and that distribution must be ordered by that court. The probate court made a decree that he was indebted to the estate in the sum of $5,415.52, being upwards of $3,000 more than his unsettled trust account showed to be in his possession. This proceeding was removed to the circuit court by *certiorari*, where the order of the probate court was affirmed, and it is before us upon writ of error.

The order of the probate judge was appealable, and it would seem that an appeal would have been the better practice, as the merits of the question could then have been reviewed. As it is, we must dispose of the case upon the question raised, viz., whether the probate court had jurisdiction to require an accounting. Relator is not entitled to this relief, because the probate court has jurisdiction over its administrator to compel an accounting, and to close the estate upon its books. That court had an open estate upon its records. Its letters of administration were out, and the administrator's account showed him charged with a large amount of property that was unaccounted for. The probate court was unable to take judicial notice of litigation elsewhere, or the payment of the fund by the administrator to a trustee. It was proper for the court to require a settlement of the estate at a proper season. Whether it was a proper season, and what there was to settle, if anything, would appear upon the hearing.

We do not find it necessary to discuss several questions which suggest themselves, viz.: Whether the appoint-

ment of Mr. Look as trustee by a court of equity drew to
that court the settlement of the estate after the execution
of the trust which that court appears to have declared,
viz., the custody of the fund for the benefit of the widow,
thereby devesting the probate court of its power to com-
plete the administration of the estate afterwards; or, if
equity might have taken such jurisdiction, whether it did
or not.   It may be that either would be a complete answer
to the probate judge when the facts should be presented,
and the administrator thereby become entitled to be dis-
charged.   It does not appear to have been considered so;
but, if the probate judge was wrong in his conclusion, his
order can be reviewed upon appeal.   Whether and to
what extent the questions passed upon by the court of
chancery are *res adjudicata,* as against the persons now
entitled to the residuum of the estate, we need not here
consider; and whether it is necessary that an adjudication
be made by the probate court before the probate bond
may be resorted to by distributees we need not determine.
It is enough that the administrator had not filed and had
not settled his account with the probate court.   This we
understand that that court has always the right to compel.

The order of the circuit court should be affirmed.

MONTGOMERY, J., concurred with HOOKER, J.

### ON REHEARING.

PER CURIAM.   Soon after the case was decided, a re-
hearing was ordered.   A decision of the case has been
delayed because the attorneys for the respective parties
expected the case would be settled out of court.   The mo-
tion for a rehearing is based upon the claim that the court
in chancery never had authority to appoint Mr. Look
trustee, for the reason, which was not made to appear
when the case was here before, that the six children, to
whom the estate belonged, subject to its use by the mother
of the children, were not made parties in the chancery
proceeding, and no notice to them was ever given of the

application to have Mr. Look appointed as trustee. A majority of the court, when the case was here before, were of the opinion that the court in chancery, by its appointment of Mr. Look as trustee, had jurisdiction over him, and that he should account to the chancery court as trustee, and not to the probate court as administrator. Upon the showing now made, we are all agreed that the probate court had jurisdiction of the estate of Mr. Schehr, and of Mr. Look as administrator, and has never been devested of its jurisdiction, and that Mr. Look should be required to settle his account as administrator in the probate court.

Mr. Look appeared in the probate court only for the purpose of questioning its jurisdiction. In arriving at the balance due from Mr. Look to the estate, it does not appear that he was credited with his disbursements and charges. There is a difference of $3,000 between the amount found due in the chancery court from Mr. Look as trustee and the amount found due in the probate court. Counsel say in their brief that they are willing to have all proper disbursements allowed to Mr. Look. The probate court is directed to credit Mr. Look with all proper disbursements and charges.

The order of the circuit court is affirmed.